IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 2, 2021

## KIMBERLY JOHNSON DOUGHERTY v. M.E. BUCK DOUGHERTY III

**Appeal from the Chancery Court for Fayette County**
**No. 17-531-PP        Martha B. Brasfield, Chancellor**

———————————————————

## No. W2021-01014-COA-T10B-CV

———————————————————

This accelerated interlocutory appeal is taken from the trial court's order denying Appellant's motion for recusal. Because there is no evidence of bias that would require recusal under Tennessee Supreme Court Rule 10B, we affirm the judgment of the trial court.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Judgment of the Chancery Court**
**Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Adam U. Holland, Chattanooga, Tennessee, for the appellant, M. E. Buck Dougherty, III.

Lori R. Holyfield, Memphis, Tennessee, for the appellee, Kimberly Dougherty.

## OPINION

### I. Background

This accelerated interlocutory appeal arises from a petition to modify a permanent parenting plan. The parties have twice appeared before this Court on previous Rule 10B recusal appeals. *See **Dougherty v. Dougherty**,* No. W2020-00284-COA-T10B-CV, 2020 WL 1189096 (Tenn. Ct. App. Mar. 12, 2020) ("***Dougherty I***"); ***Dougherty v. Dougherty***, No. W2020-01606-COA-T10B-CV, 2020 WL 7334388 (Tenn. Ct. App. Dec. 14, 2020) ("***Dougherty II***"). Given the lengthy procedural history of this case, we will discuss only those facts and proceedings that are relevant to this appeal. The background facts from ***Dougherty I*** are:

[M. E. Buck Dougherty, III ("Father")] and Kimberly Johnson Dougherty ("Mother") were divorced in June of 2018 by order of the Shelby County Chancery Court . . . . A Permanent Parenting Plan ("PPP") for the parties' three minor children ("the Children") was entered along with the divorce decree. The PPP provided for joint decision making as to educational decisions and further provided that the Children would continue to attend Westminster Academy until each one graduated from high school. When the divorce decree was entered, Mother resided in Fayette County, Tennessee, and Father resided in Hamilton County, Tennessee. After entry of the divorce decree, Mother sought, and was granted, a transfer of the case to the [Chancery Court for Fayette County ("trial court")].

In April of 2019, Mother filed in the [t]rial [c]ourt a petition for civil contempt and to modify the PPP. Specifically, as pertinent, Mother sought to enroll the Children in Fayette Academy rather than Westminster Academy. Father filed a response and counter-petition to modify seeking to enroll the Children in the Signal Mountain, Tennessee public schools, where Father resided. Mother then filed an emergency motion to enroll the Children in Fayette Academy. Father responded, and Chancellor [William C.] Cole of the [t]rial [c]ourt held a telephone hearing and denied Mother's emergency motion. Father continued to pay the tuition and enrollment fees for Westminster Academy to Mother as provided for in the PPP, including payments for May, June, and July of 2019. Father later learned that Mother had unilaterally withdrawn the Children from Westminster Academy and enrolled them in Fayette Academy.

A hearing was held on September 17, and 18, of 2019 on the petition and counter-petition. Mother called Father to the witness stand to testify. The central issue in dispute was where the Children would attend school. After Father testified, the matter was continued by Chancellor Cole.

*Dougherty*, 2020 WL 1189096, at *1. As is relevant here, on November 5, 2020, Chancellor Cole recused himself from the case. On November 17, 2020, Chancellor Martha B. Brasfield was appointed to preside over this matter.

In late January/early February 2021, Chancellor Brasfield reviewed the September 2019 hearing transcript. Thereafter, the trial court set August 16, 2021 as the date to resume the hearing on Mother's petition and Father's counter-petition to modify the PPP. Around this time, Father filed a motion requesting that the trial court retry the entire case, rather than resume the previous hearing. By order entered May 6, 2021, the trial court denied Father's motion and explained that it would consider the previous testimony adduced at the September 2019 hearing.

On August 6, 2021, ten days before the hearing resumed on the parties' petitions to modify the PPP, Father filed a motion to recuse Chancellor Brasfield. Pertinent here, and as discussed further, *infra*, Father alleged that because the trial judge was "unable to certify as a successor judge that Mother and Father would have a fair trial before an impartial tribunal without prejudice, [the trial judge's] impartiality might reasonably be questioned."[1] That same day, Father also filed a motion to stay or, alternatively, to continue the hearing and case. By order of August 11, 2021, the trial court denied Father's motion for recusal. By order of August 12, 2021, the trial court granted a continuance pending Father's appeal to this Court of the order denying the motion for recusal. On September 1, 2021, Father appealed.

From our review of the petition for recusal and the accompanying supporting documents, we conclude that a response from Mother is not necessary, and we choose to act summarily on appeal. *See* Tenn. R. Sup. Ct. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal."). In our discretion, we also conclude that oral argument is unnecessary. *See* Tenn. R. Sup. Ct. 10B, § 2.06 ("The appellate court's decision, in the court's discretion, may be made without oral argument.").

## II. Issue

The only order this Court may review on an appeal under Tennessee Supreme Court Rule 10B is the trial court's order denying the motion to recuse. **Duke v. Duke**, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). "[W]e may not review the correctness or merits of the trial court's other rulings." **Id.** Accordingly, the sole issue is whether the trial court erred in denying Father's motion for recusal. **Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.**, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015).

## III. Standard of Review

Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01.

## IV. Discussion

---

[1] In his motion filed in the trial court, Father alleged additional grounds for recusal. However, it appears that Father abandoned these additional grounds in his petition filed in this Court. Accordingly, we will address only the grounds for recusal that appear in Father's statement of the issues in his appellate brief.

Under Tennessee Supreme Court Rule 10B, a litigant may seek to disqualify a judge from a case for bias or prejudice. The party seeking recusal bears the burden of proof, *see Williams*, 2015 WL 2258172, at *5, and must present evidence that "would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Duke*, 398 S.W.3d at 671 (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002)). "The terms 'bias' and 'prejudice' usually refer to a state of mind or attitude that works to predispose a judge for or against a party, but not every bias, partiality, or prejudice merits recusal." *In Re: Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994))). To warrant recusal, the alleged bias or prejudice "must be of a personal character, directed at the litigant," *Watson*, 448 S.W.3d at 929 (quoting *Alley*, 882 S.W.2d at 821), and must originate "from an extrajudicial source and not result from the judge's impressions during trial." *Eldridge*, 137 S.W.3d at 7 (citing *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App. 1998)). "Indeed, 'adverse rulings by a trial court are not usually sufficient grounds to establish bias. Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Eldridge*, 137 S.W.3d at 7 (quoting *Alley*, 882 S.W.2d at 821).

When reviewing a motion for recusal, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide.'" *In Re: Samuel P.*, 2016 WL 4547543, at *2 (quoting *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015)). Rule 10B exists "'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Cain-Swope v. Swope*, 523 S.W.3d 79, 87 (Tenn. Ct. App. 2016) (quoting *Groves v. Ernst-W. Corp.*, No. M2016-01529-COA-T10B-CV, 2016 WL 5181687, at *4-6 (Tenn. Ct. App. Sept. 16, 2016) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002))). A motion to recuse should never be used by litigants to delay proceedings or to gain some procedural advantage in a case. *See Adkins v. Adkins*, No. M2021-00384-COA-T10B-CV, 2021 WL 2882491, at *15 (Tenn. Ct. App. July 9, 2021) (concluding that the wife filed a motion for recusal to delay or to prevent the trial court's entry of an order disbursing funds to the husband); *Cain-Swope*, 523 S.W.3d at 88 (concluding that the wife delayed raising the issue of the trial judge's alleged bias until her appeal as her "ace in the hole" in the event that she lost the trial on the merits). Indeed, our courts frown upon such gamesmanship as it undermines the purpose of our recusal rules. *See Adkins*, 2021 WL 2882491, at *15 (citing *Cain-Swope*, 523 S.W.3d at 88); *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) ("A party may lose the right to challenge a judge's impartiality by engaging in strategic conduct."). With the foregoing law in mind, we turn to Father's alleged grounds for recusal.

The gravamen of Father's motion and petition for recusal concerns the timing of the trial court's execution of a Tennessee Rule of Civil Procedure Rule 63 certification. Tennessee Rule of Civil Procedure Rule 63 provides, in pertinent part:

> If a trial or hearing has been commenced and the judge is unable to proceed, *any other judge may proceed upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties*.

Tenn. R. Civ. P. 63 (emphasis added). As discussed, *supra*, Chancellor Cole initiated the hearing on the parties' petitions to modify the PPP before he recused himself. Accordingly, before resuming the hearing, Chancellor Brasfield was required to complete a Rule 63 certification stating that she was familiar with the record and that the proceedings could be completed without prejudice to the parties. According to the record, it is clear that Chancellor Brasfield was aware of the Rule 63 requirement and intended to fulfill it before resuming the hearing on August 16, 2021.[2]

On August 6, 2021, *before* the trial court executed the Rule 63 certification and *before* the hearing resumed, Father filed a motion to recuse. Therein, Father argued that because Chancellor Brasfield had not yet and/or was "unable" to certify under Rule 63 that the case could be completed without prejudice to the parties,[3] the trial judge's "impartiality might reasonably be questioned." Thus, Father argued that Chancellor Brasfield should be disqualified from the case. In its order denying Father's motion to recuse, the trial court explained that

> [i]t was the [c]ourt's intention to comply with Rule 63 after reviewing the complete record and issue a ruling on Rule 63 before the hearing began on

---

[2] In the May 6, 2021 order denying Father's motion for a retrial, Chancellor Brasfield stated that she was

> certifying [her] familiarity with the record to be able to rule on all the motions that have been filed since February 2021. The [c]ourt makes this distinction because this file is very large and has two different jackets. The [c]ourt's office is in Tipton County, and the court's file is in Fayette County. At present, the [c]ourt has only seen the documents in the second jacket. The [c]ourt certifies herein *that she will have familiarized herself with both jackets on August 16, 2021, when this trial continues.*

(emphasis added). Chancellor Brasfield concluded the above order by stating that "this trial shall proceed with continuing testimony beginning August 16, 2021, and that this [c]ourt shall follow Rule 63 of the Tennessee Rules of Civil Procedure as required." Although she did not complete the Rule 63 certification at that time, the Chancellor informed the parties that she would complete it before resuming the hearing on August 16, 2021.

[3] It is unclear from Father's motion why the trial court would be "unable" to complete the Rule 63 certification.

- 5 -

August 16, 2021. Rule 63 requires that the [c]ourt rule "that the proceedings in the case may be completed without prejudice to the parties." The fact that this ruling has not yet been made does not mean that the [c]ourt is not impartial.

We agree. As the party seeking recusal, Father bears the burden to prove that Chancellor Brasfield holds a bias or prejudice that is "of a personal character, directed at [Father]," and that such bias or prejudice stems from "an extrajudicial source" and not from the Chancellor's impressions during trial. *See Williams*, 2015 WL 2258172, at *5; *Watson*, 448 S.W.3d at 929; *Eldridge*, 137 S.W.3d at 7. On close review of Father's arguments, it appears that his issue with the trial judge lay not with the trial judge's bias or prejudice against him, but with Father's opinion that the trial judge's Rule 63 compliance was untimely. In his appellate petition, Father alleges that the trial court's "inexplicable decision and intention to wait until the actual day trial was set to resume to then determine under Rule 63 if the uncompleted trial . . . could continue without prejudice to the parties, fails to promote confidence in the independence, integrity, and impartiality of the judiciary, and Chancellor Brasfield failed to avoid actual impropriety . . . ." Father further alleges that

> reasonable minds would perceive that Chancellor Brasfield failed to dispose of the petition and counter-petition regarding the PPP promptly and efficiently and failed to demonstrate due regard for the rights of Father and Mother to be heard and to have these important issues resolved that had been pending nearly two years in Fayette County without unnecessary cost or delay.

Importantly, Father fails to cite any evidence to demonstrate that the trial judge was partial to Mother or biased against him. Rather, he argues that, in delaying the completion of the Rule 63 certification, the trial court "failed to discharge her duties and dispose of this matter competently, promptly, and efficiently," which "fails to promote confidence in the independence, integrity, and impartiality of the judiciary. . . ." Although every judge should strive to discharge his or her duties in a competent, prompt, and efficient manner, a judge's failure to do so does not, *ipso facto*, demonstrate that the judge holds a bias or prejudice against a litigant.[4] As discussed, *supra*, the "'[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Eldridge*, 137 S.W.3d at 7 (quoting *Alley*, 882 S.W.2d at 821). Here, Father fails to meet his burden to show that the Chancellor's decision to complete the Rule 63 certification on the day of the hearing demonstrates that the trial judge was biased or prejudiced against

---

[4] Because this Court "may not review the correctness or merits of the trial court's other rulings" in a Rule 10B appeal, we generate no opinion concerning the timeliness of the trial court's Rule 63 certification. *See Duke*, 398 S.W.3d at 668.

him.  *See* **In Re: Samuel P.**, 2016 WL 4547543, at \*2 (citing **Watson**, 448 S.W.3d at 929 (citing **Alley**, 882 S.W.2d at 821)).

We reiterate that the purpose of a Rule 10B motion for recusal is to ensure that each litigant is given "[t]he right to a fair trial before an impartial tribunal." **Bean v. Bailey**, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting **Austin**, 87 S.W.3d at 470); *see also* Tenn. Const. art. VI, § 11 ("No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested[.]").  Father's motion and petition fail to demonstrate that Chancellor Brasfield is incapable of conducting an impartial and fair trial. Father's grievance concerning the timeliness of the trial court's Rule 63 certification is simply not sufficient to show that the trial court was biased in the matter.  In the absence of any substantive evidence from which we might conclude that the trial judge showed prejudice of a personal character directed at Father, *see* **In re Samuel P.**, 2016 WL 4547543, at \*2; **Watson**, 448 S.W.3d at 929; **Eldridge**, 137 S.W.3d at 7; **Alley**, 882 S.W.2d at 821, there is no basis for reversal of the trial court's denial of Father's motion for recusal.

## V.  Conclusion

For the foregoing reasons, we affirm the trial court's order denying the motion for recusal, and we remand for such further proceedings as may be necessary and are consistent with this Opinion.  Costs of the appeal are assessed to the Appellant, M.E. Buck Dougherty, III, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE
